IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL A. MCKAY,

                Plaintiff,                          OPINION AND ORDER

    v.

                                                          23-cv-504-wmc

WISCONSIN DEPARTMENT OF REVENUE *et al.*,

                Defendants.

Plaintiff Michael McKay, who suffers from chronic obstructive pulmonary disease ("COPD") and other unidentified disabilities, alleges that he worked as a revenue agent for defendant Wisconsin Department of Revenue ("DOR") until DOR implemented a return-to-work policy during the COVID-19 pandemic, which made his working conditions intolerable and forced him to quit. In its previous order, the court granted defendants' motion to dismiss McKay's reasonable accommodation claims based on disability and religious beliefs under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, his First Amendment free exercise of religion claim, and all individual defendants, with the exception of DOR Secretary Peter Barca, who remains a defendant solely for the purpose of entering possible injunctive relief. (Dkt. #26.) McKay was also allowed to proceed on his Title VII and ADA claims against the DOR itself for alleged harassment, hostile work environment, constructive discharge, and retaliation based on his disability and religion, with the exception of his claim for monetary relief under the ADA. In addition, the court granted McKay one final opportunity to amend his complaint to correct certain deficiencies identified by the court with respect to those claims on which he was not allowed to proceed.

McKay has now filed a third amended complaint, adding allegations to support his previously-dismissed reasonable accommodation claims against DOR, as well as his free

exercise claim against Barca and previously-dismissed defendants Holly Kittle, Jennifer Dambach, and Victoria Simonson. (Dkt. #27.) Defendants move to dismiss the third amended complaint in part, arguing that McKay's free-exercise claim against defendants Kittle and Dambach still falls short because of a failure to allege any personal involvement on their part in the claimed violation.[1] (Dkt. ##30 and 35.) For the reasons below, the court will deny defendants' motion for partial dismissal, as amended, and allow McKay to proceed now on the following claims asserted in the third amended complaint, which is the operative pleading in this case: (1) Title VII claims for monetary and injunctive relief, as well as ADA claims for injunctive relief, against defendant DOR and defendant Barca, in his official capacity for purposes of injunctive relief, for alleged religious and disability harassment, hostile work environment, failure to offer reasonable accommodation, constructive discharge, and retaliation; and (2) First Amendment free exercise of religion claims against defendants Barca, Simonson, Kittle, and Dambach.

## ALLEGED FACTS[2]

The court incorporates by reference the allegations of fact recited in its previous order (dkt. #26) along with the following additional facts included in McKay's third

---

[1] While defendants initially moved to dismiss McKay's newly-pled claims regarding religious (but not disability) accommodation and free exercise of religion, they withdraw their arguments on reply, except for those concerning the free exercise claims against Kittle and Dambach, while continuing to assert that McKay cannot bring Title VII and ADA claims against any individual defendant, other than Barca in his official capacity for purposes of injunctive relief. (*See* dkt. #35.)

[2] In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint, as well as all matters of public record, not only as true but viewed in a light most favorable to plaintiff, while drawing all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

amended complaint (dkt. #27).

Plaintiff Michael McKay is a veteran of the United States Marine Corps with numerous service-related disabilities, including chronic obstructive pulmonary disease ("COPD"), irritable bowel syndrome ("IBS"), chronic fatigue, neck and back issues, and tinnitus with some hearing loss in each ear.  McKay told his employer and supervisors about these disabilities.

In late August 2021, the DOR was engaged in efforts to bring its employees back to the office during the COVID pandemic and adopted requirements for masking.  Based on disability and religious grounds, McKay specifically requested that he be allowed to continue to work from home as an accommodation.  McKay informed his direct supervisor, Kittle, that:  (1) he would not wear a mask on religious grounds; and (2) his COPD prevented him from wearing a mask at all without feeling dizzy and nauseous and developing a painful headache.  McKay then submitted a written, "reasonable accommodation request form" to Kittle on August 31, 2021, identifying his COPD as a disability that prevented him from wearing a mask.  In that form, McKay further explained that he could not breath adequately with a mask and that prolonged masking resulted in him having headaches, blurred vision, light-headedness, and feeling sick to his stomach.

On September 1, 2021, while McKay's accommodation requests were still pending, his indirect supervisor, DOR Deputy Administrator Dambach, ordered him to attend a meeting, which McKay understood to relate to his accommodation requests.  At the meeting itself, McKay claims Dambach told him that he was unfit for work and threatened to call the police to have him removed.  Allegedly, Kittle was present at this meeting, but did nothing to stop it.

The next day, Senior Human Resources Specialist Simonson responded to McKay's religious accommodation request by sending him a list of questions about his religious beliefs.

McKay emailed his response to Simonson the same day, explaining that his sincere Christian beliefs did not allow him to:

- Put any type of mask, shield or covering over my face, as I am made in the image of God and I am to stand before Him with my face unveiled (2 Cor 3:18).

- Be assaulted by a foreign body being inserted into my nasal passages (covid test) as my body is the temple of the Holy Spirit and is to remain pure.

- Have a biological substance injected into my body. My blood is sacred, and life is found in the blood. My own salvation was bought and paid for by the blood of Jesus Christ and I CANNOT taint my own blood with vaccines. The Bible warns against this and it is not possible for me to violate my sincerely held Christi[an] beliefs.

(Dkt. #27, at ¶ 17.) Along with this email, McKay submitted a letter from a pastor that McKay had been watching online during the pandemic, and whose religious views aligned with McKay's on these topics.

On September 7, 2021, Simonson next emailed McKay to inform him that his accommodation request to go maskless for religious reasons had been denied. McKay received an official denial of his religious accommodation in writing on September 8, 2021. Finally, on September 27, 2021, Barca denied McKay's appeal of that decision. While McKay was required to wear a mask in community spaces, thereafter he was granted the limited disability accommodation of working without a mask in a conference room with the door closed, although Barca also notified McKay via email on October 26, 2021, that he would not receive any further accommodation.

OPINION

In addition to the claims on which he was originally allowed to proceed, McKay's third amended complaint seeks to reassert: (1) Title VII and ADA reasonable accommodation claims against the DOR; (2) a First Amendment free-exercise claim against individual defendants Barca, Kittle, Simonson, and Dambach based on their alleged denial of his request for religious accommodation; and (3) retaliation claims for defendants subjecting him to harassment after requesting an accommodation (essentially, repeating his claim under Title VII). Defendants have moved to dismiss the free-exercise claim against defendants Kittle and Dambach on the ground that McKay's allegations do not plausibly suggest that either or both were personally involved in the denial of his religious accommodation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (individual liability under § 1983 requires a plaintiff to identify the person or persons involved in the alleged constitutional deprivation).

As the court explained in its previous order, under 42 U.S.C. § 1983 McKay may state a First Amendment free exercise claim by alleging that a defendant "personally and unjustifiably placed a substantial burden on his religious practices." *See Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) ("A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs."); *see also Joseph v. Becerra*, No. 22-cv-40-wmc, 2022 WL 17262231, at *4 (W.D. Wis. Nov. 29, 2022) (government cannot impose substantial burden on central religious belief or practice). Defendants correctly point out that McKay does not allege that Kittle and Dambach personally denied his religious accommodation. However, McKay does now allege that these individuals harassed and threatened him during a meeting *soon after* he requested an accommodation on both religious and disability grounds *and* the day before his religious accommodation was denied. While the question of proof remains,

5

particularly in light of the fact that many courts have recognized that requiring people to wear masks was a rational way to reduce the spread of COVID, *see Joseph*, 2022 WL 17262231, at *4, his allegations in his third amended complaint are sufficient at this stage to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, defendants' motion for partial dismissal will be denied.

ORDER

IT IS ORDERED that:

1) Defendants' motion for partial dismissal plaintiff Michael McKay's third amended complaint (dkt. #30), as amended (dkt. #35), is DENIED; and

2) Defendants may have until August 11, 2025, to answer, move, or respond further to this complaint, as amended.

Entered this 21st day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge